FILED

1   SEYFARTH SHAW LLP
    Brian T. Ashe (SBN 139999)
2   bashe@seyfarth.com
    Michael A. Wahlander (SBN 260781)
3   mwahlander@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone:  (415) 397-2823
5   Facsimile:   (415) 397-8549

6   SEYFARTH SHAW LLP
    John R. Giovannone (SBN 239366)
7   jgiovannone@seyfarth.com
    333 S. Hope Street, Suite 3900
8   Los Angeles, CA 90071-1406
    Telephone:  (213) 270-9600
9   Facsimile:   (213) 270-9601

10  Attorneys for Defendants
    HARVEST MANAGEMENT SUB LLC and
11  HARVEST MANAGEMENT SUB TRS CORP.

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16  DELFINO MARTINON BAUTISTA,
    as an individual and on behalf of all
17  others similarly situated,

18              Plaintiff,

19       v.

20  HARVEST MANAGEMENT SUB
    LLC, a Delaware limited liability
21  company, dba HOLIDAY
    RETIREMENT; HARVEST
22  MANAGEMENT SUB TRS CORP., a
    Delaware Corporation, dba HOLIDAY
23  RETIREMENT; HOLIDAY
    RETIREMENT, form of entity
24  unknown and DOES 1 through 100,

25              Defendants.

26

27

28

12 NOV 21  PM 1: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Case No. CV12- 10004 SVW(CWx)

NOTICE OF REMOVAL BY
DEFENDANTS' HARVEST
MANAGEMENT SUB LLC AND
HARVEST MANAGEMENT SUB
TRS CORP.

[28 U.S.C. § 1446]

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Harvest Management Sub LLC, and Harvest Management SUB TRS Corp. ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting both federal question jurisdiction pursuant to 28 U.S.C. section 1331 and diversity jurisdiction pursuant to 28 U.S.C. section 1332, to effect the removal of the above-captioned action from the Superior Court of California, County of San Luis Obispo.

## BACKGROUND

1.      On September 17, 2012, Plaintiff Delfino Martinon Bautista ("Plaintiff") filed a Complaint against Defendants in the Superior Court of California, County of San Luis Obispo, entitled: *DELFINO MARTINON BAUTISTA as an individual and on behalf of all others similarly situated, Plaintiff, vs. HARVEST MANAGEMENT SUB LLC, a Delaware limited liability company, dba HOLIDAY RETIREMENT; HARVEST MANAGEMENT SUB TRS CORP., a Delaware Corporation, dba HOLIDAY RETIREMENT; HOLIDAY RETIREMENT, form of entity unknown; and DOES 1 through 100, Defendants*, Case Number CV120559.

2.      Plaintiff's Complaint purports to allege eight claims for relief against Defendants stemming from Plaintiff's employment with Defendants on behalf of himself and several purported classes of similarly situated individuals.  Plaintiff bases his claims on, among other things, alleged violations by Defendants of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et. seq.*); California Labor Code sections 510 and 1194 (overtime compensation), 226.7 (rest period violations), 226 (itemized wage statements), 203 (waiting time penalties), and 1174 (failure to maintain accurate records); Business and Professions Code sections

1

1   17200, *et seq.* (unfair competition); and California Labor Code section 2698, *et seq*

2   (Private Attorneys General Act or "PAGA").

3   **TIMELINESS OF REMOVAL**

4       3.    On October 23, 2012, Plaintiff served Defendants with the Summons

5   and Complaint.  A copy of Plaintiff's Complaint and all other process, pleadings,

6   and orders served on Defendants in the state court action is attached as Exhibit A.

7       4.    This Notice of Removal is timely as it is filed within thirty (30) days

8   of the service upon Defendants of a copy of the Summons and Complaint.  28

9   U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344

10  (1999) (30-day deadline to remove commences upon service of the summons and

11  complaint).

12  **BASIS FOR REMOVAL**

13  **I.    FEDERAL QUESTION JURISDICTION**

14      5.    Plaintiff asserts a claim under the FLSA, a federal statute codified at

15  29 U.S.C. sections 201, *et seq* ("FLSA").  This action therefore presents a federal

16  question over which this Court has original jurisdiction.  28 U.S.C. § 1331

17  (conferring original jurisdiction upon federal courts for actions arising under the

18  laws of the United States).

19      6.    Plaintiff asserts the remainder of his claims the California Labor Code

20  and the California Business and Professions Code.  Plaintiff's claims under

21  California law arise from his alleged employment with both Defendants and the

22  same allegations as the FLSA claim.  Therefore, the claims are so related that they

23  form part of the same case or controversy.  Accordingly, this Court has

24  supplemental jurisdiction over Plaintiff's claims under California law pursuant to

25  28 U.S.C. section 1367(a).

26  **II.    DIVERSITY JURISDICTION - CLASS ACTION FAIRNESS ACT**

27      7.    The Court has original jurisdiction of this action under the Class

28  Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C.

2

section 1332(d)(2).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of Defendants.

## A.   DIVERSE CITIZENSHIP OF THE PARTIES

8.   **Plaintiff's Citizenship.**  Plaintiff admits that he is a resident of the State of California.  (Complaint at ¶ 5.)  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  Thus, Plaintiff is, and has been at all times since this action commenced, a citizen of the State of California.

9.   **Defendant Harvest Management Sub TRS Corp.'s Citizenship.**  Harvest Management Sub TRS Corp. is not a citizen of California.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."   The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the corporation's officers direct, control, and coordinate the corporation's activities and where the corporation maintains its headquarters. *Id.*

10.   Harvest Management Sub TRS Corp. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business at 5885 Meadows Road, Suite 500, Lake Oswego, Oregon.  (Leah Kuor Declaration at ¶ 3.)  Oregon is the site of the headquarters and executive offices for Harvest Management Sub TRS Corp., and is where its high level officers direct, control, and coordinate the Company's activities. (*Id.*)  Thus, its "nerve center" is in Oregon.  Accordingly, Harvest

3

Management Sub TRS Corp. is, and has been at all times since this action commenced, a citizen of the States of Delaware and Oregon for removal purposes.

11. **Defendant Harvest Management Sub LLC's Citizenship.** Harvest Management Sub, LLC is a Delaware limited liability company. (Kuor Dec. at ¶ 4.) It is not a citizen of the State of California. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Harvest Management Sub LLC's sole member is Harvest Facility Holdings II LP, a Delaware limited partnership, which has its principal place of business at 5885 Meadows Road, Suite 500, Lake Oswego, Oregon. (Kuor Dec. at ¶¶ 4, 5.)

12. **Harvest Facility Holdings II LP.** Harvest Facility Holdings II LP is not a citizen of the State of California. It is a Delaware limited partnership, its General Partner is Harvest Facility Holdings II GP LLC, a Delaware LLC, and its Limited Partner is Harvest Facility Holdings LP, a Delaware limited partnership and has its principal place of business at 5885 Meadows Road, Suite 500, Lake Oswego, Oregon. (Kuor Dec. at ¶¶ 5, 6, 7.)

13. **Harvest Facility Holdings II GP LLC.** Harvest Facility Holdings II GP LLC is not a citizen of the State of California. It is a Delaware limited liability company. It is the General Partner of Harvest Facility Holdings II LP, a Delaware limited partnership, with its principal place of business at 5885 Meadows Road, Suite 500, Lake Oswego, Oregon. (Kuor Dec. at ¶¶ 5, 6.)

14. **Harvest Facility Holdings LP.** Harvest Facility Holdings LP is not a citizen of the State of California in that it is a Delaware limited partnership with its principal place of business at 5885 Meadows Road, Suite 500, Lake Oswego, Oregon. Approximately 87% of the limited partnership interest in Harvest Facility Holdings LP is owned by Holiday Acquisition Corp., a Delaware corporation, with its principal place of business in New York, New York. Approximately 13% of

4

1  the limited partnership interest in Harvest Facility Holdings LP is owned by

2  Retained Interest LLC, a Washington limited liability company, with its principal

3  place of business at 600 University Street, Suite 2500, Seattle, Washington.  (Kuor

4  Dec. at ¶¶ 7, 9, 10.)

5       15.    **Harvest Facility Holdings GP LLC.**  Harvest Facility Holdings GP

6  LLC is a Delaware LLC with principal place of business at 5885 Meadows Road,

7  Suite 500, Lake Oswego, Oregon, and is the General Partner of Harvest Facility

8  Holdings LP.  The Sole Member of Harvest Facility Holdings GP LLC is Holiday

9  Acquisition Corp.  (Kuor Dec. at ¶ 8.)

10      16.    Therefore, to determine Defendant Harvest Management Sub LLC's

11 citizenship, it is necessary to examine the citizenship of Holiday Acquisition Corp.

12      17.    **Holiday Acquisition Corp.'s Citizenship.**  Pursuant to 28 U.S.C.

13 section 1332(c), "a corporation shall be deemed to be a citizen of any State by

14 which it has been incorporated and of the State where it has its principal place of

15 business."  Holiday Acquisition Corp. is now, and ever since this action

16 commenced has been, incorporated under the laws of the State of Delaware, with

17 its principal place of business in the state of New York.  (Kuor Dec. at ¶ 9.)

18      18.    Holiday Acquisition Corp.'s principal place of business is New York

19 because the appropriate test to determine a corporation's principal place of

20 business is the "nerve center" test, as discussed above.  *See Hertz Corp. v. Friend*,

21 130 S. Ct. 1181, 1192 (2010).  In determining the principal place of business, other

22 relevant factors include where corporate executives maintain their offices, where

23 corporate policies and procedures are made, and where primary corporate functions

24 are based.  *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal.

25 2001) (nerve center found to be location where corporation's headquarters was

26 located, where the corporate officers worked, and from where corporate policies

27 and procedures arose).

28

NOTICE OF REMOVAL

19.    Holiday Acquisition Corp.'s "nerve center" is New York, New York, where it is headquartered.  Members of its executive team maintain and oversee operations from their offices in New York.  The executive officers direct, control, and coordinate Holiday Acquisition Corp.'s business, financial, and legal activities from the corporate headquarters.  All major business decisions, such as those related to corporate acquisitions, financing, investor and lender matters, and material contracts are made there.  The vast majority of its executive and administrative functions, such as the making of company-wide policies and procedures and banking activities, are carried out in New York.  (Kuor Dec. at ¶¶ 9, 10.)

20.    As New York is the site of Holiday Acquisition Corp.'s corporate headquarters and executive offices, where Holiday Acquisition Corp.'s high level executives direct, control, and coordinate Holiday Acquisition Corp.'s activities, Holiday Acquisition Corp.'s "nerve center" is in New York.

21.    Accordingly, Holiday Acquisition Corp. is, and has been at all times since this action commenced, a citizen of New York and Delaware.  Thus, based on the citizenship of Holiday Acquisition Corp., and the aforementioned entities, Harvest Management Sub LLC is, and has been at all time since this action commenced, a citizen of New York and Delaware.

22.    **Sham Defendant**.  Plaintiff names "Holiday Retirement, form of entity unknown" as a Defendant.  "Holiday Retirement" is a DBA, no such separate legal entity exists.  (Kour Dec. at ¶ 11.)  Accordingly, this non-existent entity should be disregarded for diversity purposes, as it is not a legal entity. *Kolker v. VNUS Medical Technologies, Inc.*, 2010 WL 3059220, at *1, *3 (N.D. Cal. 2010) (non-existent entity cannot properly be joined as a party to a legal action); *Herrera v. Exxon Corp.*, 430 F. Supp. 1215, 1217 (C.D. Cal. 1977) (defendant should be disregarded for diversity purposes where it is not a separate corporate entity).

23.     **Doe defendants.**  Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

24.     Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and Defendants have diverse citizenship.

**B.     AMOUNT IN CONTROVERSY**

25.     The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, the Any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

26.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is more likely than not that the amount in controversy exceeds that amount.  *Sanchez v. Monumental Life Ins. Co.*, 102

7

F.3d 398, 404 (9th Cir. 1996).  Defendants establish below that the amount in controversy exceeds the jurisdictional threshold of $5,000,000.  In calculating the aggregate amount in controversy, Defendants do not, of course, concede the viability of any claim, the value of any claim, or the appropriateness of class treatment of the claims alleged.  The amount in controversy is based on the Complaint's allegations instead, as appropriate.

27.    The Complaint alleges a plaintiff-class that consists of six classes, which, as pleaded, include:

(1)    **California Overtime Class.**  All current and former hourly non-exempt employees in California who received Incentive Pay[1] and overtime compensation during the four years preceding the filing of the Complaint through the present;

(2)    **National Overtime Class.**  All current and former hourly non-exempt employees throughout the United States, who received Incentive Pay and overtime compensation during the three years immediately preceding the filing of the Complaint through the present;

(3)    **Rest Period Class.**  All current and former hourly non-exempt employees in California who were allegedly not provided all rest periods to which they were legally entitled during the four years immediately preceding the filing of the Complaint through the present;

(4)    **Record Keeping Class.**  All current and former hourly non-exempt employees in California for whom Defendants allegedly failed to maintain accurate records reflecting the actual hours worked and wages paid to such employees;

(5)    **Wage Statement Class.**  All current and former hourly non-exempt employees in California who received Incentive Pay and overtime compensation, and/or allegedly did not receive rest period premium pay for rest period violations,

---

[1] Plaintiff alleges that Incentive Pay includes: Gift Pay, Gift Cards, Holiday Pay, Birthday Pay, Special Event Pay, and Meals.  (Complaint at ¶ 14.)

8

and/or received allegedly defective wage statements that did not contain all the items required under California Labor Code section 226(a), during the one year immediately preceding the filing of the Complaint through the present; and

(6) **Waiting Time Penalty Class.** All former hourly non-exempt employees in California who received Incentive Pay and overtime compensation, and/or allegedly did not receive rest period premium pay for rest period violations, during the three years immediately preceding the filing of the Complaint through the present.

28.   **Rest Period Violations.** Plaintiff alleges that "Defendants maintain an unlawful rest break policy." (Complaint at ¶ 15.) Specifically, Plaintiff alleges that the policy does not comply with the requirements of California law under the IWC Wage Orders. (*Id.*) Plaintiff alleges that because of this supposed unlawful policy, he and other class members did not in fact receive all the rest periods to which they were legally entitled. (*Id.* at ¶¶ 15, 42.)

29.   The money owed for a missed rest period pursuant to California Labor Code section 226.7 is one hour of pay for each violation. Based on the allegation that, as a matter of Company policy, Defendants did not provide Plaintiff and the putative class members with all the rest periods to which they were entitled, Plaintiff contends that the putative class members missed all rest breaks for each day worked. Plaintiff seeks to certify a class covering the last four years. The average hourly rate for California non-exempt employees from September 17, 2008 to the present was $11.40. (Kuor Dec. at ¶ 12.) The approximate number of workweeks for non-exempt employees for that same period was approximately 212,792. (*Id.*) Using an average hourly rate of $11.40 per hour and an estimate of one missed rest break per day, the alleged damages would be **$12,129,144.00**. (212,792 x 5 x $11.40). This amount alone establishes the jurisdictional minimum.

30.   **Waiting Time Penalties.** Plaintiff alleges that Defendants must pay waiting time penalties under Labor Code section 203 for failure to pay all wages

9

due upon termination.  (Complaint at ¶¶ 50-52.)  Labor Code section 203 authorizes penalties of one day of pay for each day the employer fails to pay the wages due for a maximum of 30 days.  Plaintiff seeks to certify a waiting time class covering the last three years.  (Complaint at ¶ 18(f).)  The number of terminated non-exempt California employees from September 17, 2009 to the present is approximately 2,102.  (Kuor Dec. at ¶ 12.)  The average hourly rate for California employees during that period is $9.14.  (*Id.*)  Therefore, the alleged damages for this claim would be **$4,610,947.20**.  ($9.14 x 8 x 30 x 2,102).

31.   **Wage Statement Violations.**  Plaintiff alleges that every wage statement he received was inaccurate and did not comply with the requirements of Labor Code section 226.  (Complaint at ¶¶ 17, 46.)  The penalty for violations of Labor Code section 226(e) is $50 for the first violation and $100 for each subsequent violation up to a maximum of $4,000.   Based on a modest assumption of one violation per non-exempt California employee per year and a class size of no less than 1800, the damages would be **$90,000.00**.  However, Plaintiff appears to contend that every wage statement for every non-exempt California employee over the course of the year prior to filing his lawsuit was unlawful.  Thus, using Plaintiff's assumptions and a California class of no less than 1,800, the damages would be approximately **$4,590,000.00**.  [($100 x 26 x 1800) - ($50 x 1800) = $4,680,000 (26 pay periods at $100)  - $90,000 (1 pay period at $50)  = $4,590,000,00].

32.   **Overtime Claims under the California Labor Code and the FLSA.**  Plaintiff alleges that defendants violated the overtime provisions of both the California Labor Code and the FLSA because it supposedly failed to include, in Plaintiff's words, "Incentive Pay" in the regular rate of pay used to calculate overtime payments made to Plaintiff and the putative class members.  (Complaint at ¶¶ 15, 26-32, 33-39.)  Plaintiff seeks to certify both a statewide class and a nationwide class.  But his allegations as to the value of these claims are unclear.

10

1   Needless to say, Plaintiff's overtime claims only increase the amount in
2   controversy - even based on minimal assumptions.

3       33.    For example, assuming the following low figures for the California
4   Overtime Class: a class no smaller than 3,500; one hour of overtime per week; and
5   an additional $1.00 in the regular rate, the California overtime claims would be
6   worth an additional: **$728,000.00.**  (3,500 x $1.00 (under payment per hour of OT)
7   x  1 (OT Hours) x 52 (workweeks) x 4 years).  But Plaintiff's inclusion of multiple
8   types of "Incentive Pay" and his allegation that he and the putative class members
9   worked in excess of 40 hours each work week indicate that he believes the
10   assumptions should be higher.

11       34.    For the National Overtime Class, assuming  the following: a class no
12   smaller than 25,000, including an extra $0.50 in the regular rate, and .1 hour of
13   overtime per week, the National overtime claims would be worth: **$3,900,000.00.**
14   (25,000 x $1.00 (under payment per hour of OT) x 1 (OT Hours) x 52 (workweeks)
15   x 3 years).  As with the California class, Plaintiff's allegations indicate that he
16   thinks assumptions should be higher.

17       35.    **Attorneys' Fees.**  Although the rest period claim and waiting time
18   claim alone easily establish that the amount in controversy exceeds $5,000,000,
19   Plaintiff also seeks attorneys' fees.  (Complaint at Prayer.)  These must also be
20   taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS*
21   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys'
22   fees to be included in amount in controversy, regardless of whether award is
23   discretionary or mandatory).  Here, a conservative estimate of attorneys' fees can
24   be determined by multiplying the amount in controversy for those claims upon
25   which attorneys' fees are  recoverable[2]  by 0.25,[3] a percentage typically awarded
26   by federal courts, as follows:

27

28   [2] Attorneys' fees are not recoverable as a matter of law for claims under Labor
Code section 226.7.  *See Kirby v. Imoos Fire Protection*, 53 Cal.4th 1244 (2012).

36.   For example, on the waiting time penalties alone, the attorneys' fees would be **$1,152,736.78**.   ($4,610,947.20 x .25).

37.   Therefore, excluding Defendants' estimates, **the minimum amount in controversy using conservative estimates is $17,892,827.98.**  ($1,152,736.78 (attorneys' fees) + $4,610,947.20 (waiting time penalties) + $12,129,144.00 (rest period premiums)).

37.   Furthermore, including Defendants' estimates and recoverable attorneys' fees for those claims, the amount in controversy would be: **$29,415,327.95**.  [(($3,900,000 (National OT Class) + $728,000 (California OT Class) + $4,590,000 (Wage Statement Class) + $4,610,947.20 (Waiting Time Class) = $13,828,947.20) + ($13,828,947.20 x .25 = $3,457,236.75 (Attorneys' Fees)) + ($12,129,144.00 (Rest Period Class)) = $29,415,327.95].

38.   Because diversity of citizenship exists and the amount in controversy is over $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(d)(2).  Therefore, this action is a proper one for removal to this Court.

## VENUE

39.   Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Superior Court of the State of California, County of San Luis Obispo, and Plaintiff resides and is domiciled in the County of San Luis Obispo, California.

## NOTICE OF REMOVAL

40.   This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Luis Obispo.

---

[3] *See, e.g., Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *8 (E.D. Cal. 2007) (class action fee award is typically 25% of the damages).

1     41.     In compliance with 28 U.S.C. section 1446(a), copies of the

2    documents filed and/or served in the State Court action are attached as Exhibit A,

3    including: the Summons and Complaint; the Notice of Case Assignment; and Civil

4    Court Coversheet Answer.

5           WHEREFORE, Defendants pray that this civil action be removed from the

6    Superior Court of the State of California, County of San Luis Obispo to the United

7    States District Court for the Central District of California.

8    DATED: November 21, 2012            Respectfully submitted,

9                                        SEYFARTH SHAW LLP

10

11                                 By: _____

12                                       Brian T. Ashe
                                         Michael A. Wahlander
13                                       John R. Giovannone
                                         Attorneys for Defendants
14                                       HARVEST MANAGEMENT SUB
                                         LLC and HARVEST MANAGEMENT
15                                       SUB TRS CORP.

16   14989211v.3

17

18

19

20

21

22

23

24

25

26

27

28

                                          13
                              NOTICE OF REMOVAL

**EXHIBIT A**

From: Alice Mitchell     Fax: (805) 322-3412     To:          Fax: +1 (213) 493-2576          Page 2 of 3  10/23/2012 10:26

*AMENDED*

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Additional Parties attachment form is attached

**FILED**

OCT 23 2012

SAN LUIS OBISPO SUPERIOR COURT

BY *Deidre M Silbert*
  , Silbert, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DELFINO MARTINON BAUTISTA as an individual and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of the State of California, County of San Luis Obispo  1035 Palm Street, Room 385, San Luis Obispo, California  93408 | CV 120559 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BALTODANO & BALTODANO LLP, Hernaldo J. Baltodano, Esq.; Erica Flores Baltodano, Esq.
1411 Marsh Street, Suite 102, San Luis Obispo, California  93401 (805) 322-3412

| DATE: *(Fecha)* OCT 23 2012 | SUSAN MATHERLY Clerk, by *(Secretario)* | /S/ DEIDRE M. SILBER , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Holiday Retirement, form of entity unknown
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* form of entity unknown
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100  (Rev. July 1, 2009) | *AMENDED* SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.JusSearch.com |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Delfino Martinon Bautista v. Holiday Retirement | CV120559 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

HARVEST MANAGEMENT SUB LLC, a Delaware limited liability company, dba HOLIDAY RETIREMENT; HARVEST MANAGEMENT SUB TRS CORP., a Delaware Corporation, dba HOLIDAY RETIREMENT; HOLIDAY RETIREMENT, form of entity unknown; and DOES 1 through 100

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):* | FOR COURT USE ONLY |
|---|---|

BALTODANO & BALTODANO LLP
Hernaldo J. Baltodano (SBN 222286)
Erica Flores Baltodano (SBN 222331)
1411 Marsh Street, Suite 102, San Luis Obispo, California 93401
TELEPHONE NO.: (805) 322-3412     FAX NO.: (805) 322-3413
ATTORNEY FOR *(Name):* Plaintiff Delfino Martinon Bautista

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Luis Obispo
STREET ADDRESS: 1035 Palm Street, Room 385
MAILING ADDRESS: 1035 Palm Street, Room 385
CITY AND ZIP CODE: San Luis Obispo, CA 93408
BRANCH NAME: San Luis Obispo

**FILED**

SEP 17 2012

SAN LUIS OBISPO SUPERIOR COURT
BY _____
P. Veerman Deputy Clerk

CASE NAME:
Delfino Martinon Bautista v. Harvest Management SUB, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited    ☐ Limited  (Amount         (Amount demanded      demanded is exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CV   120559**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 17, 2012

Hernaldo J. Baltodano
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Phone: (805) 322-3412
Fax:     (805) 322-3413

**BOREN, OSHER & LUFTMAN**
Stephen Z. Boren (SBN 192024)
Email: sboren@bollaw.com
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles CA 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

FILED

SEP 17 2012

SAN LUIS OBISPO SUPERIOR COURT
BY _____
B. Voorman, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| DELFINO MARTIÑON BAUTISTA as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HARVEST MANAGEMENT SUB LLC, a Delaware limited liability company, dba HOLIDAY RETIREMENT; HARVEST MANAGEMENT SUB TRS CORP., a Delaware Corporation, dba HOLIDAY RETIREMENT; HOLIDAY RETIREMENT, form of entity unknown; and DOES 1 through 100,<br><br>Defendants | CASE NO.   **CV 120559**<br><br>**CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>(1)  **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>(2)  **FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.)**<br><br>(3)  **REST PERIOD VIOLATIONS (LABOR CODE § 226.7, 516, 558)**<br><br>(4)  **WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 et seq.);**<br><br>(5)  **WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**<br><br>(6)  **FAILURE TO MAINTAIN ACCURATE RECORDS (LABOR CODE §§ 1174, 1174.5);** |

1

Class, Collective and Representative Action Complaint

(7)   UNFAIR COMPETITION (BUS &
      PROF CODE § 17200 *et seq.*);

(8)   CIVIL PENALTIES UNDER THE
      PRIVATE ATTORNEYS
      GENERAL ACT (LABOR CODE §
      2698 *et seq.*)

DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE

Plaintiff Delfino Martiñon Bautista ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class, Collective and Representative Action Complaint against Defendants Harvest Management Sub LLC, dba Holiday Retirement; Harvest Management Sub TRS Corp., dba Holiday Retirement; Holiday Retirement, and DOES 1 to 100 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class, collective, and representative action for recovery of unpaid wages and penalties under California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, and Industrial Welfare Commission Wage Order No. 5 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum. This Court also has jurisdiction over Defendants' violations of the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 216.

2

2.     This Court also has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California market so as to render the exercise of jurisdiction over them by the California courts consistent with the traditional notions of fair play and substantial justice.

3.     This class action is brought pursuant to California Code of Civil Procedure 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

**VENUE**

4.     Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of hereon occurred in the County of San Luis Obispo. Further, Plaintiff does now, and at all times relevant herein did, reside in San Luis Obispo County and was employed by Defendants within San Luis Obispo County.

**PARTIES**

5.     Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident, residing in the county of San Luis Obispo. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public housekeeping industry.

6.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and

do) business by owning and servicing independent living communities for senior citizens in San Luis Obispo County, as well as throughout California and the United States, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within San Luis Obispo County, and therefore, were (and are) doing business in San Luis Obispo County and the State of California.

7.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Harvest Management Sub LLC, dba Holiday Retirement, is a Delaware limited liability corporation licensed to do business in California and the County of San Luis Obispo, and is or was the employer of Plaintiff and the Classes (as defined in Paragraph 18).

8.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Harvest Management Sub TRS Corp., dba Holiday Retirement, is a Delaware corporation licensed to do business in California and the County of San Luis Obispo, and is or was the employer of Plaintiff and the Classes (as defined in Paragraph 18).

9.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Holiday Retirement, is an entity or organization of a nature unknown to Plaintiff, and was licensed to do business in California, the County of San Luis Obispo and the United States, and is or was the employer of Plaintiff and the Classes (as defined in Paragraph 18).

10.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

11.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them,

4

1    were the agents, servants, and employees of each and every one of the other Defendants, as well
2    as the agents of all Defendants, and at all times herein mentioned were acting within the course
3    and scope of said agency and employment.  Defendants, and each of them, approved of,
4    condoned, and/or otherwise ratified each and every one of the acts or omissions complained of
5    herein.

6            12.     At all times mentioned herein, Defendants, and each of them, were members of
7    and engaged in a joint venture, partnership, and common enterprise, and acting within the course
8    and scope of and in pursuance of said joint venture, partnership, and common enterprise.
9    Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff
10   and all Class Members.

11                          **GENERAL FACTUAL ALLEGATIONS**

12           13.     Plaintiff was employed by Defendants as a non-exempt employee in the position
13   of Kitchen Helper/Dishwasher at its Las Brisas community, located in San Luis Obispo,
14   California, from approximately August 2008 until June 2012.
15
16           14.     During Plaintiff's employment with Defendants, he received various forms of
17   non-discretionary incentive pay, such as Gift Pay, Gift Cards, Special Event Pay, Holiday Pay,
18   Birthday Pay, Meals, and/or other forms of pay which are not excludable when calculating an
19   employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to
20   as "Incentive Pay").

21           15.     Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to
22   include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby
23   causing Plaintiff to be underpaid all of his required overtime wages.   In addition to failing to
24   correctly pay Plaintiff for overtime work performed, Defendants also failed to provide Plaintiff
25   with all rest breaks to which he was entitled, as Defendants maintain an unlawful rest break
26   policy which only provides its employees with "one 15-minute paid rest period for every 4
27   consecutive hours worked," as opposed to providing "ten (10) minutes net rest time per four (4)
28   hours, or major fraction thereof," as required by IWC Wage Order No. 5, § 12.   As a result of

Defendants' unlawful policy, Plaintiff did not receive all rest periods to which he was legally entitled.

16.     Despite Defendants' failure to provide Plaintiff with all rest periods to which he was legally entitled, Defendants never provided Plaintiff with an hour of pay at his regular rate as required by Labor Code § 226.7.

17.     As a result of Defendants' failure to pay overtime pay at the correct rate, and failure to pay rest period premium pay, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff.  The wage statements issued to Plaintiff were further deficient of the requirements of Labor Code § 226, in that they failed to include the inclusive dates of the pay period, and further failed to state the address of the legal entity that is the employer.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

18.     Class Definition: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure and the FLSA:

a. The California Overtime Class consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and overtime compensation during the four years immediately preceding the filing of the Complaint through the present.

b. The FLSA Overtime Class consists of all Defendants' current and former hourly non-exempt employees throughout the United States, who received Incentive Pay and overtime compensation during the three years immediately preceding the filing of the Complaint through the present.

c. The Rest Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all rest periods to which they were legally entitled during the four years immediately preceding the filing of the original Complaint through the present.

d.  The Record Keeping Class consists of all Defendants' current and former hourly non-exempt employees in California for whom Defendants failed to maintain accurate records reflecting the actual hours worked and wages paid to such employees.

e.  The Wage Statement Class consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and overtime compensation, and/or did not receive rest period premium pay for rest period violations, and/or received defective wage statements that did not contain all items required by Labor Code section 226(a), during the one year immediately preceding the filing of the Complaint through the present.

f.  The Waiting Time Penalty Class consists of all Defendants' former hourly non-exempt employees in California who received Incentive Pay and overtime compensation, and/or did not receive rest period premium pay for rest period violations, during the three years immediately preceding the filing of the Complaint through the present.

19.     Plaintiff is further informed and believes that Defendants and members of the California Overtime Classes failed to enter into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation pursuant to IWC Wage Order No. 5-2001, § 3(D).

20.     The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the Classes number greater than five hundred (500) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

21.     There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

7

Class, Collective and Representative Action Complaint

i.     Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.     Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

iv.     Whether Defendants failed to keep legally compliant records for the members of the Wage Statement Class pursuant to Labor Code 226;

v.     Whether Defendant to maintain accurate records for members of the Record Keeping Class;

vi.     Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

vii.     Whether Defendants and members of the California Overtime Class entered into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation, as required by IWC Wage Order No. 5-2001, § 3(D);

viii.     Whether Defendants' rest break policy is unlawful, thereby depriving members of the Rest Period Class of all rest breaks to which they are entitled as a matter of law.

22.     **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member.  As such, these common

1  questions predominate over individual questions concerning each individual class member's

2  showing as to his or her eligibility for recovery or as to the amount of his or her damages.

3       23.    **Typicality:**  The claims of Plaintiff are typical of the claims of the Classes

4  because Plaintiff was employed by Defendants as an hourly non-exempt employee in California

5  and the United States during the statutes of limitation applicable to each cause of action pled in

6  the Complaint in this action.  As alleged herein, Plaintiff, like the members of the Classes, was

7  deprived of all overtime wages, was not provided with all rest periods, was furnished with

8  inaccurate and incomplete wage statements, and was not paid all wages owed at the time of his

9  termination.

10      24.    **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary

11  steps to represent fairly and adequately the interests of the members of the Classes.  Moreover,

12  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of

13  the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended wage-and-hour

14  class actions in state and federal courts in the past and are committed to vigorously prosecuting

15  this action on behalf of the members of the classes.

16

17      25.    **Superiority:**  The California Labor Code is broadly remedial in nature and serves

18  an important public interest in establishing minimum working conditions and standards in

19  California.  These laws and labor standards protect the average working employee from

20  exploitation by employers who have the responsibility to follow the laws and who may seek to

21  take advantage of superior economic and bargaining power in setting onerous terms and

22  conditions of employment.  The nature of this action and the format of laws available to Plaintiff

23  and members of the Classes make the class action format a particularly efficient and appropriate

24  procedure to redress the violations alleged herein.  If each employee were required to file an

25  individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they

26  would be able to exploit and overwhelm the limited resources of each individual plaintiff with

27  their vastly superior financial and legal resources.  Moreover, requiring each member of the

28  Classes to pursue an individual remedy would also discourage the assertion of lawful claims by

employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.     This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

28.     Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate. At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 5-2001. Wage Order 5-2001, § 3 requires an employer to pay an

10

1   employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of

2   8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 5-

3   2001, § 3 also requires an employer to pay an employee double the employee's regular rate of

4   pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the

5   seventh consecutive day of work in the workweek.

6       29.     Plaintiff is informed and believes, and based thereon alleges that, Defendants

7   regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by

8   failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of

9   the California Overtime Class, which are not statutory exclusions when calculating an

10  employee's regular rate of pay.  Accordingly, Plaintiff and members of the California Overtime

11  Class were not compensated at the appropriate rates of overtime pay for all hours worked.

12      30.     Defendants' policy and practice of requiring overtime work and not paying at the

13  proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558,

14  1194, and 1198, and IWC Wage Order 5-2001.

15      31.     Plaintiff is informed and believes and thereon alleges that the job duties and

16  responsibilities of the California Overtime Class are irrelevant because Plaintiff and all others

17  similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to

18  calculating the applicable overtime rates of pay for overtime worked by members of the

19  California Overtime Class.

20      32.     The foregoing policies and practices are unlawful and create an entitlement to

21  recovery by Plaintiff and members of the California Overtime Class in a civil action for the

22  unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil

23  penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216,

24  510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

25  ///

26  ///

27  ///

28

11

## SECOND CAUSE OF ACTION

### FLSA VIOLATIONS

### (AGAINST ALL DEFENDANTS)

33.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.    This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in exceed of 40 per workweek.

35.    Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, and earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

36.    Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.  Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

37.    Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

38.    Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

39.    Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## THIRD CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

40.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41.    Wage Order 5-2001, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

42.    Plaintiff is informed and believes that Defendants maintained an unlawful, class-wide rest period policy, which only provided Plaintiff and members of the Rest Period Class with "one 15-minute paid rest period for every 4 consecutive hours worked," as opposed to providing "ten (10) minutes net rest time per four (4) hours, or major fraction thereof," as required by IWC Wage Order No. 5, § 12.

43.    As a result of Defendants' unlawful, class-wide rest period policy, Plaintiff and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law.  Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Rest Period Class.

44.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

45.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

13

46.     Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish them and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, rest period premiums, total net wages earned, inclusive pay period dates and employing entities' names and addresses, in violation of Labor Code § 226.

47.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages, rest period premiums, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

48.     Defendants' failures creates an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

Class, Collective and Representative Action Complaint

51.     Defendants failed to timely pay Plaintiff all of his final wages at the time of termination which includes, among other things, underpaid overtime and rest period premiums. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

52.     Defendants' wilful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO MAINTAIN ACCURATE RECORDS

### (AGAINST ALL DEFENDANTS)

53.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54.     California Labor Code § 1174 requires California employers to keep records showing the names and addresses of all employees employed, and to keep at a central location in the State of California or at the plants or establishments which employees are employed, payroll records showing the hours worked daily by and the wages paid to all employees employed at the respective plants or establishments.  IWC Wage Order No. 5, § 7(A)(3) further requires employers to keep accurate time records showing when the employee begins and ends each work period.  Under § 7(A)(5), employers must also record each employee's total hours worked and applicable rates of pay, and must make such information "readily available" to the employee upon request.

15

55.     Defendants' policies and/or practices of failing to correctly calculate the regular rate of pay for the California Overtime Class, failing to pay rest period premiums for the Rest Period Class, and failing to include all required information on the wage statements of the Wage Statement Class, have caused these individuals to suffer and they will continue to suffer actual economic harm from the violations set forth above, as they have been, and will continue to be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and other experts or consults to evaluate and calculate unpaid wages, and have suffered delays in receiving the wages and interest that are due and owing to them. Defendants' ongoing violations of the aforementioned recordkeeping laws have caused and will continue to cause, irreparable harm to Plaintiff and members of the above classes because as long as Defendants fail to maintain required records, these individuals will be unable to determine or demonstrate the precise number of hours actually worked, unpaid wages and penalties owed to them.

56.     By willfully failing to maintain the records required by California Labor Code § 1174(c), or accurate and complete records required by § 1174(d), Defendants are also liable for a civil penalty of $500 for each violation under § 1174.5.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed due to miscalculation of the regular rate; (b) knowingly failing to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226; (c) willfully failing to timely pay Plaintiff and members of the

16

Class, Collective and Representative Action Complaint

1   Waiting Time Class all final wages upon termination of employment; (d) failing to keep accurate

2   records of the time worked and applicable hourly rates for Plaintiff and members of the Record

3   Keeping Class; and (f) failing to pay the Rest Period Class rest period premiums at the

4   employee's regular rate of pay when a rest period was not provided.

5        59.    Defendants' utilization of these unfair and/or unlawful business practices

6   deprived Plaintiff and continues to deprive members of the classes of compensation to which

7   they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair

8   advantage over Defendants' competitors who have been and/or are currently employing workers

9   and attempting to do so in honest compliance with applicable wage and hour laws.

10        60.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct

11   alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full

12   restitution of monies, as necessary and according to proof, to restore any and all monies

13   withheld, acquired and/or converted by the Defendants pursuant to Business and Professions

14   Code §§ 17203 and 17208.

15        61.    The acts complained of herein occurred within the last four years immediately

16   preceding the filing of the Complaint in this action.

17        62.    Plaintiff was compelled to retain the services of counsel to file this court action to

18   protect his interests and those of the Classes, to obtain restitution, to secure injunctive relief on

19   behalf of Defendants' current hourly non-exempt employees, and to enforce important rights

20   affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and

21   costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

22    

### EIGHTH CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### (AGAINST ALL DEFENDANTS)

     63.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

17

64.    Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other similarly aggrieved employees.

65.    Plaintiff, as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)    Failing to pay Plaintiff, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to furnish Plaintiff, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

(c)    Failing to timely pay all final wages and compensation earned by Plaintiff, the Waiting Time Class, and other similarly aggrieved employees at the time of termination in violation of Labor Code §§ 201 - 203.

(d)    Failing to maintain accurate records on behalf of Plaintiff and members of the Record Keeping Class in violation of Labor Code § 1174.

(e)    Failing to pay rest period premiums to Plaintiff and members of the Rest Period Class at the regular rate of pay in violation of Labor Code §§ 226.7, 516, and 558.

66.    Plaintiff will notify Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code identified in Paragraph 65 (a)-(e) and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.*  Once thirty-three days pass from Plaintiff giving his notice to the LWDA, thereby allowing Plaintiff to commence a civil action against

1  Defendants pursuant to Labor Code § 2699, Plaintiff will amend this Complaint to allege that he

2  has complied with the pre-filing requirements codified in California Labor Code § 2698 *et seq.*

3      67.    Plaintiff was compelled to retain the services of counsel to file this court action to

4  protect his interests, that of the members of the classes, and other similarly aggrieved employees,

5  and to assess and collect the civil penalties owed by Defendants.  Plaintiff has thereby incurred

6  attorneys' fees and costs, which he is entitled to recover under California Labor Code § 2699.

<u>**PRAYER**</u>

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose

behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for compensatory, consequential, general and
   special damages according to proof pursuant to Labor Code §§ 204, 510, 558,
   1194, and 1198;

5. Upon the Second Cause of Action, for compensatory, consequential, liquidated,
   general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Cause of Action, for compensatory, consequential, general and
   special damages according to proof pursuant to Labor Code §§ 226.7, 516, and
   558;

7. Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code
   § 226;

8. Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to
   Labor Code § 203;

9. Upon the Sixth Cause of Action, for civil penalties pursuant to Labor Code §§
   1174 and 1174.5;

Class, Collective and Representative Action Complaint

10. Upon the Seventh Cause of Action, for injunctive relief and restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11. Upon the Eighth Cause of Action, for civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

12. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

14. For such other and further relief the Court may deem just and proper.

Respectfully submitted,

Dated: September 17, 2012          BALTODANO & BALTODANO LLP

By: _____
Hernaldo J. Baltodano
Attorney for Plaintiff, the Classes and Aggrieved
Employees

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Respectfully submitted,
Dated: September 17, 2012          BALTODANO & BALTODANO LLP

By: _____
Hernaldo J. Baltodano
Attorney for Plaintiff, the Classes and Aggrieved
Employees

Class, Collective and Representative Action Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONSENT OF PLAINTIFF DELFINO MARTIÑON BAUTISTA**

**RE CONSENT TO SUE**

I, Delfino Martiñon Bautista, declare:

1.       I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.       I hereby consent to be joined in this suit against Harvest Management Sub LLC, dba Holiday Retirement; Harvest Management Sub TRS Corp., dba Holiday Retirement; Holiday Retirement, and DOES 1 to 100 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.       I declare under penalty of perjury that the foregoing is true and correct. Executed on _9/17/012_, 2012 in San Luis Obispo, California.

Delfino Martiñon Bautista

21

Class, Collective and Representative Action Complaint

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

| | | CASE NUMBER |
|---|---|---|
| DELFINO BAUTISTA | Plaintiff(s), | CV120559 |
| VS. | | |
| HARVEST MANAGEMENT SUB LLC | Defendant(s). | **Case Management Conference** |

Baltondano, Hernaldo
BALTODANO & BALTODANO LLP
1411 Marsh Street, Ste 102
San Luis Obispo      CA   93401

## NOTICE OF ASSIGNMENT & CASE MANAGEMENT CONFERENCE.

This case is assigned to **Hon. Dodie A. Harman** for all purposes.

Plaintiff must serve the Summons and Complaint, a copy of this Notice, the Standing Case Management Order of the judge assigned for all purposes and must file proofs of service within 60 days after the complaint is filed.

**Defendants shall file responsive pleadings within 30 days of service**
unless the parties stipulate to an extension of not more than 15 days.

IT IS HEREBY ORDERED:

1. The parties must appear for a first Case Management Conference on:
**January 24, 2013  at  9:00 am  in Department 3**
*THE PARTIES OR THEIR ATTORNEYS MUST APPEAR AT THE CASE MANAGEMENT CONFERENCE ***
For information about telephone appearances call **COURTCALL at (888) 882-6878**

2. Each party must file & serve a Case Management Statement <u>at least 15 days</u> before the conference.
3. The person appearing at the first Case Management Conference must be familiar with the case and prepared to discuss suitability of the case for mediation, binding arbitration, judicial arbitration or some form of alternative dispute resolution.
4. Trial will be set within the 11th or 12th month after the filing of the complaint. Counsel must arrange their schedules, reserve dates with witnesses and schedule trial preparation with this in mind. Continuances will be granted only on a clear showing of good cause.
5. All law and motion matters will be calendared in the department of the assigned judge and filed with the Clerk's Office.
6. <u>Each party should be prepared to show cause why sanctions should not be imposed for a failure to comply with these rules.</u>
***LIMITED JURISDICTION ONLY:** unless the parties have entered into arbitration as required by Local Rules 9.00 and 26.00. "Entered into arbitration" means the date upon which the administrator mails the arbitration list.
encs.3

**SUPERIOR COURT, STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO**
Department 3

STANDING CASE MANAGEMENT ORDER
FOR CASES ASSIGNED TO THE HON. DODIE A. HARMAN

---

**INSTRUCTIONS TO PLAINTIFF(S)/CROSS-COMPLAINANT(S):**

**YOU shall serve a copy of this Standing Case Management Order on all Defendants/Cross-Defendants at the same time the complaint/cross-complaint is served.**

---

## I.      GENERAL MATTERS

A.      It is the Court's policy to provide a dignified forum in which to resolve disputes in a peaceful, professional, legally correct and expeditious manner.  All of the following rules are designed to achieve these goals.  It is not the Court's intention to prohibit a party from raising any issue by any means allowed by Rule of Court, Code or statute.  If any of the rules or procedures discussed herein creates a problem, counsel should raise the matter with the Court at the earliest opportunity after the parties have appeared.

B.      Electronic communication with the courtroom clerk is permissible for routine communications having to do with scheduling, stipulated continuances, and/or joint requests.  Substantive arguments are not permitted unless approved by the Court.  In any correspondence with the clerk, opposing counsel should be copied in order to avoid ex-parte communications.  The clerk's email address is Sara.St.Cyr@slo.courts.ca.gov.

C.      Counsel will turn off all audible telephones and pagers and instruct their clients and witnesses to do so.  Communication devices worn on the head are not permitted in the courtroom.

## II.      CASE MANAGEMENT CONFERENCES ("CMC")

A.      Unless otherwise specifically ordered, CMC Statements are required at the first CMC only.  The Court expects that counsel will be prepared to discuss the current status of the case, discovery, amenability to mediation, and any unusual factual, legal or evidentiary issues that may need resolution.  Counsel who fail to appear will typically be set for an OSC hearing why sanctions should not be issued.  The initial amount is ordinarily $150.00.

B.      Early mediation is strongly encouraged.  Good faith participation in mediation will ordinarily excuse participation in a Mandatory Settlement Conference.  The Court will typically sign an order to mediate at an early CMC.

## III.      MEDIATION

A.      The parties are strongly encouraged to engage in early, meaningful mediation.  Mediation will ordinarily take place within 90-120 days of all parties' appearance, but a longer time may be allowed.

B.      A worthwhile mediation process means that parties, attorneys and any other person whose consent or authority is required to achieve a final disposition of the dispute should be present, as well as a representative of any insurer who has authority to settle the case for any amount up to the limits of the policy.

C.      Plaintiff should file a one-page Notice of Mediation with the clerk's office notifying the Court of the date of the mediation and name of the mediator.

---

## IV.    LAW AND MOTION MATTERS

A.      To the extent practicable, the Court will post tentative rulings on law and motion matters on the Court's website no later than the evening before the hearing.  The Court's website is located at www.slocourts.net.

B.      When parties agree to submit the matter based on a tentative ruling, or to have a matter taken off calendar, counsel should promptly notify both the courtroom clerk and the Research Attorneys via e-mail or by phone.  This is important in order to avoid unnecessary commitment of judicial resources to moot matters.  The contact information for the Research Attorneys is SloCourtAttorneys@slo.courts.ca.gov and the courtroom clerk's contact information is Sara.St.Cyr@slo.courts.ca.gov.

## V.     READINESS CONFERENCE

A.      These conferences are typically scheduled during the week before trial.  At these conferences, trial counsel should be *personally present*, and prepared to discuss at least the following topics:

1.      Estimated trial length. A jury trial will ordinarily be in session from Monday through Friday from 10:00 a.m. to 4:30 p.m..

2.      Number, timing and availability of witnesses, as well as any special witness needs, or the need to call witnesses out of order.

a.      Counsel have responsibility for arranging the appearance of all witnesses during their presentation of the case so as to eliminate delays.  Counsel should confer among themselves as to when witnesses will be needed *at least 24-48 hours in advance of a witness' testimony*.

b.      Counsel are to inquire of their clients and witnesses to determine whether they are in need of any type of accommodation with an interpreter, under the Americans with Disabilities Act, or any other type of assistance.

3.      Numbering and exchange of exhibits. The parties are encouraged to agree upon a reasonable exhibit numbering system.   Exhibits to be used in the case-in-chief should be pre-marked and exchanged *no later than the morning of trial and earlier if feasible*.  The use of exhibit books or binders is strongly encouraged

4.      Voir dire procedures, preinstruction, and jury questionnaires.  Counsel should attempt to agree upon a brief neutral statement of the case to be read to the prospective jury panel.

5.      Jury instructions and verdict forms.

a.      Counsel are to deliver all proposed instructions, verdict forms and requests for special findings to the Court and to opposing counsel *no later than the morning of trial*. Proposed instructions shall be complete in all respects without unfilled "blanks" or "bracketed" portions.

b.      Either before or shortly after trial starts, counsel are to meet and confer with the goal of reducing the amount of contested jury instructions and disagreement as to the form of the verdict.  Within two (2) court days after beginning trial, all counsel should notify the Court in writing as to which of the proposed instructions, and which sections of the verdict form, are acceptable to all parties, and which are disputed.

6.      Stipulations to reduce the length of trial.  Counsel should consult with each other regarding all possible stipulations and reduce them to writing.  In particular, counsel should consider waiving the necessity for authentication/foundational evidence regarding all trial exhibits, unless authentication is an important issue

7.      Motions in limine.  Prior to hearings on motions in limine, counsel should review *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 669-677, and its progeny.  Counsel should advise their clients and witnesses about rulings on motions in limine that pertain to evidentiary issues.  Counsel will be held responsible for any violations of rulings on motions in limine.

## VI.    TRIAL

A.      The Court will typically hear organizational and scheduling matters, procedural issues and in limine motions at the beginning of trial, including any matters left over or continued from the readiness conference.

     1.     Originals of all depositions to be used in the trial are to be lodged with the Clerk at this time.  At the end of the trial, these depositions can be picked up from the Clerk, or they can be returned by mail at the party's expense.

     2.     Jury instructions and verdict forms should be submitted at this time.

**B.**     Jury Selection Procedures

     1.     Jury selection ordinarily begins at 1:30 p.m. the first day of trial.

     2.     A short statement of the case is read and preinstruction of the venire occurs at this time.

     3.     After the entire panel is screened for hardship, eighteen names are drawn at random, and voir dire is conducted.

     4.     Challenges for cause are exercised and ruled upon at sidebar. Upon request, counsel will be given the opportunity to make a record of any unreported sidebar conference once the jury is not present.

     5.     At least two alternate jurors are typically selected.  If it becomes necessary to substitute an alternate juror, an alternate will be drawn from among the pool of alternates.

**C.**     Trial Procedures

     a.     No charts, diagrams or other exhibits should be shown or read aloud to the jury unless by stipulation or after admission of the item into evidence.

     b.     Counsel should provide hard copies of any power point presentations, audio or video recordings and the like to opposing counsel in advance of showing them to the jury

     c.     If counsel will seek to introduce an audio recording (or audio portion of a video recording), please review California Rule of Court 2.1040.

     d.     Marking documents out of files: Please review *Neal v. Farmers Insurance Exchange* (1978) 21 Cal.3d 910, 923-924.

     e.     Any object that cannot be folded into 8½" x 11" such as models, blowups, etc. should be accompanied by either a photograph or a photocopy to be retained by the Court in lieu of the oversized exhibit.

     f.     When objections are made, counsel should state only the legal basis, without speaking objections.

     g.     Sidebar conferences are normally held off the record.  Counsel may make a record of any unreported sidebar conference at an appropriate opportunity in the proceedings.  During trial, if counsel wish to place matters on the record, he or she may so request and the Court will provide an opportunity to do so, ordinarily at the end of the trial day once the jury has been excused.

**D.**     Post Trial Procedures

     a.     After the verdict is rendered by the jury, the prevailing party is expected to prepare the judgment, which should be submitted on the next Court day following trial unless otherwise ordered.

   b.      Counsel should make arrangements with the Clerk to withdraw exhibits in cases that will not be appealed. The Clerk will hold the exhibits for sixty days after the filing of the notice of entry of judgment.  Any exhibits remaining after that time will be destroyed unless a notice of appeal is filed.


**DATED:  July 27, 2011**


                                        _____/S/Dodie A. Harman_____
                                        **HON. DODIE A. HARMAN**
                                        ***Judge of the Superior Court***
                                        ***County of San Luis Obispo***

**SUPERIOR COURT OF SAN LUIS OBISPO COUNTY**

☐ San Luis Obispo Branch, 1035 Palm Street, Rm 385, San Luis Obispo, CA 93408
☐ Grover Beach Branch, 214 South 16th Street, Grover Beach, CA 93433
☐ Paso Robles Branch, 901 Park Street, Paso Robles, CA 93446

Plaintiff:

Defendant:

**FOR COURT USE ONLY**

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 201.9)**

CASE NUMBER:

Judge

The parties and their attorneys hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Mediation                                  ☐ Neutral Case Evaluation

☐ Binding Judicial Arbitration               ☐ Binding Private Arbitration

☐ Nonbinding judicial arbitration under CCP 1141.2 (discovery to close 15 days before arbitration under CRC, rule 1612)

☐ Nonbinding judicial arbitration under CCP 1141.2 (discovery to remain open until 30 days before trial: order required under CRC, rule 1612)

☐ Other

It is also stipulated that the arbitrator, mediator or other neutral shall be:

Name:

Date:                                          Date:

Name of Plaintiff                              Name of Defendant

_____                    _____
Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____                    _____
Signature                                      Signature

(Attach another sheet if additional names are necessary)
It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, rule 225.

IT IS SO ORDERED. IT IS ALSO ORDERED that no new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

Date:

_____
JUDGE OF THE SUPERIOR COURT

/DC05
rv. 08/01/2009
itional

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    SLO Local Rule 9.11 4

Martin Dean's
ESSENTIAL FORMS™

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

**(Check one):** ☐ **UNLIMITED CASE**  (Amount demanded exceeds $25,000)     ☐ **LIMITED CASE**  (Amount demanded is $25,000 or less)

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:  f. Fax number:
e. E-mail address:  g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are **willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| **(6) Other** *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

## ALTERNATIVE DISPUTE RESOLUTION POLICY STATEMENT

### WAYS TO RESOLVE YOUR DISPUTE WITHOUT A TRIAL
Presented by the San Luis Obispo County Superior Court

The mission of your Superior Court is to resolve civil disputes fairly and efficiently.  It is the court's policy to encourage persons involved in a lawsuit to consider methods other than a trial to resolve their disputes.

Did you know that 95% of all cases filed in court do not go to trial?  Most cases are settled or decided in some other way.  In fact, methods of settling disputes that do not require a trial have become the first choice of most businesses, government agencies and unions.  Agreements to mediate or arbitrate disputes are now commonly found in contracts covering employment, medical care, banking and insurance.

Alternative Dispute Resolution is a catch-all term that refers to the ways other than a trial that can be used to resolve the dispute you brought to the courthouse.  These options are typically less formal than trial and many provide opportunities to reach an agreement through a problem-solving approach rather than the adversarial approach of a trial.  ADR can save time, reduce costs and increase your overall satisfaction with the outcome.

### THE ADVANTAGES OF ADR

**Reduce Legal Costs**: Nearly all cases are resolved without a trial.  If a settlement is likely anyway, wouldn't it be better to save attorneys fees, court costs and experts fees by settling early?  In a recent survey, two thirds said they saved money by using ADR.

**Reduce The Time Spent on the Dispute**: A dispute can usually be decided or settled much sooner by using ADR.  It is almost always less expensive.

**Increase Control Over the Result**: Some methods of ADR allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR methods permit the parties to entrust a decision about the dispute to an expert in a particular field instead of to a judge or a jury without the same experience or knowledge.  And in ADR, both the dispute and its resolution can remain confidential.

**Preserve Relationships**: ADR is generally a less adversarial and hostile forum for dispute resolution than a trial.  An experienced mediator or arbitrator can help the parties effectively communicate their needs and point of view to the other side.  This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**: In ADR, the parties usually have a better chance to tell their side of the story than they do in trial.  This increases the likelihood the case will settle as well as the parties= overall satisfaction with the outcome.

**Improve Attorney-Client Relationships**:  Attorneys may benefit from ADR by being seen as problem-solvers instead of as aggressive advocates.  Quick, cost-effective results are likely to produce repeat and new business from clients and their friends and associates.

### WHAT ARE THE ADR OPTIONS?

#### MEDIATION

In mediation, an independent, neutral person called a mediator helps the parties reach a mutually acceptable resolution of their dispute.  The mediator does not decide the dispute but is trained to help the parties communicate so they can settle the dispute on terms they design themselves.

If mediation does not result in a settlement, the case is returned to court.  And if the case goes to trial, there are laws that protect the confidentiality of the things discussed during mediation.

**Advantages**:  Mediation leaves control of the outcome with the parties.  It may be a particularly effective tool when the

ALTERNATIVE DISPUTE RESOLUTION

parties have a continuing relationship to consider such as persons who work together, are neighbors or are members of the same family. Mediation is also effective where emotions are blocking a resolution. An effective neutral mediator can hear the parties out and help them communicate with each other in an effective and non-destructive manner.

**Disadvantages:** Mediation may be ineffective if one of the parties will not cooperate or is unwilling to compromise. And it may not be a good choice if the history of the parties includes abuse or victimization. Mediation may not produce a satisfactory resolution of the dispute if one of the parties has a significant advantage in power or rank than cannot be neutralized by the mediator.

## ARBITRATION

In arbitration, an independent, neutral person called an arbitrator decides what the outcome of the dispute will be. Each side presents evidence supporting its case in a setting that is more informal than a trial. Rules of evidence are relaxed.

Arbitration may be either binding or non-binding. Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's award as final. Generally, there is no right to appeal an arbitrator's final decision. Non-binding arbitration means that the parties are free to request a trial by a judge or a jury if they are unwilling to accept the arbitrator's findings and award.

**Advantages:** Arbitration is informal and usually less expensive than a trial. If the dispute involves a particularly complex matter, the parties can select an arbitrator who has training or experience in the subject matter of the dispute. If the dispute is not complex, the parties may simply wish to avoid the expense of a trial

**Disadvantages:** Generally, there is no appeal from a arbitrator's finding or award even if it is not supported by the evidence or the law. If a party to a non-binding arbitration requests a trial, there may be penalties for failing to achieve a better result.

## NEUTRAL EVALUATION

In early neutral evaluation, the parties employ an expert in the subject matter of the dispute and ask him or her to give them an opinion about how the dispute ought to be resolved. The expert's opinion is not binding and the parties use it to negotiate a resolution of the dispute.

**Advantages:** Neutral evaluation can produce early, creative settlements. If the parties are willing to listen and to compromise, the opinion of an expert they mutually select can provide a solid foundation for a long-lasting agreement.

**Disadvantages:** An expert can be expensive. The parties usually agree that neither the expert nor his or her opinion can be used in a trial if they cannot agree.

## COURT-SUPERVISED SETTLEMENT CONFERENCE

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a court-supervised settlement conference officer. The settlement conference judge or officer does not make a decision that is binding upon the parties. The judge or settlement officer helps the parties evaluate the case and to make decisions about settlement.

**Advantages:** A mandatory settlement conference gives the parties an opportunity before trial to negotiate a settlement in light of what they learned investigating the case and through discovery. The opinion of a settlement judge about the most likely outcome may inspire the parties to reevaluate their positions.

**Disadvantages:** A mandatory settlement conference is usually late in the life of a litigated dispute. It comes only after time and money has been spent preparing for trial. The parties' positions may have been hardened by what they have been through and they may be less willing to compromise.

CVDC04
Rev 07/01/02
Mandatory

ALTERNATIVE DISPUTE RESOLUTION

SLO rule 9.11.4

www.slocourts.net

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 10004 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DELFINO MARTINON BAUTISTA

**DEFENDANTS**
HARVEST MANAGEMENT SUB LLC, and HARVEST MANAGEMENT SUB TRS CORP.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BALTODANO & BALTODANO LLP, 1411 Marsh St., Ste. 102, San Luis Obispo, CA 93401 (805) 322-3412; BOREN, OSHER & LUFTMAN, 5900 Wilshire Blvd., Ste. 920, Los Angeles, CA 90036 (323) 937-9900

**Attorneys** (If Known)
SEYFARTH SHAW LLP, 560 Mission Street, Suite 3100, San Francisco, CA 94105 - Brian T. Ashe and Michael A. Wahlander
SEYFARTH SHAW LLP, 333 S. Hope Street, Suite 3900, Los Angeles, CA 90071-1406 - John R. Giovannone

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
9 U.S.C. section 201 (FLSA) and California Labor Code

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:    CV12-10004

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Clackamas | Lake Oswego, Oregon |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Luis Obispo | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  11/21/12

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |